(No. 35189.—

THE PEOPLE *ex rel.* May Penrod, County Collector, Appellee, *vs.* CHICAGO AND NORTH WESTERN RAILWAY COMPANY, Appellant.

*Opinion filed September 24, 1959.*

LOWELL B. SMITH, of Sycamore, and NELSON TROTTMAN, and GEORGE M. HOLLANDER, both of Chicago, (CARL McGOWAN, of counsel,) for appellant.

CARL A. SWANSON, JR., of Sycamore, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

Appellant, the Chicago and North Western Railway Company, having previously paid its 1955 taxes in full and under protest, filed an objection in the county court of De Kalb County to a portion of the building purposes tax of Community Unit School District No. 428 of De Kalb County. The court overruled the objection and, since the

revenue is involved, appellant has perfected a direct appeal to this court.

At issue is the construction of section 17—7 of the School Code, (Ill. Rev. Stat. 1955, chap. 122, par. 17—7,) which, as pointed out in *People ex rel. Krapf* v. *Hayes,* 13 Ill.2d 143, grants taxing authority to school districts having bonds outstanding and reflects a legislative effort to save a building fund for such districts. The section, after directing that the county clerk in districts affected shall determine the amount necessary to pay maturing principal and interest for bonds, further directs that he shall extend a separate tax to pay all such bond and interest requirements, without limitation as to rate or amount, and then continues as follows:

"* * * No deductions shall be made in the rate which may be extended for educational or building purposes by reason of any rate extended for payment of principal or interest of bonds, except as provided in this section.

"However, for any school district that has outstanding bonds for building purposes on July 1, 1953 the maximum rate for building purposes of any such school district in which such separate tax is extended to pay the maturing principal or sinking fund requirements of and interest on any such bonds shall be reduced by the amount of the rate of such separate tax; provided that in no case shall the rate for building purposes be reduced to less than .10 per cent in the case of districts not maintaining grades 1 to 12, nor to less than .16 per cent in the case of districts maintaining grades 1 to 12, unless a lesser rate will produce the amount levied for building purposes by the district; *and, provided further, that the school board in any such district may by proper resolution cause a proposition to increase the minimum annual tax rate for building purposes* to not to exceed .1875 per cent in the case of districts not maintaining grades 1 to 12, or *to not to exceed .25 per cent in the case of districts maintaining grades 1 to 12, to be sub-*

*mitted to the voters of such district at any general or special election.* The election called for such purpose shall be governed by Article 5A of this Act. If, at such election, a majority of the votes cast on the proposition are in favor thereof, then thereafter in no case shall the building rate of such district be reduced to less than the minimum rate established by referendum under this Act, unless a lesser rate will produce the amount levied for building purposes by the district, and the county clerk shall extend such minimum rate so established, notwithstanding the fact that such rate exceeds the building rate which the district may levy under the provisions of Sections 17—2 to 17—5 inclusive." (Emphasis supplied.)

Community Unit School District No. 428, which maintains grades 1 to 12 and is subject to the provisions of section 17—7, was organized by a referendum on March 18, 1954, held pursuant to a petition filed under the provisions of section 8—9 of the School Code. (Ill. Rev. Stat. 1953, chap. 122, par. 8—9.) On the same date the voters also granted the district authority "to levy taxes at a rate of * * * .25 per cent for building purposes and the purchase of school grounds." Although not expressly stated on the ballot, it is manifest both from the provisions of section 8—9 and the petition calling the election, that the electorate voted upon a proposition to authorize a "maximum" rate for building purposes. See: Ill. Rev. Stat. 1953, chap. 122, pars. 8—9 and 17—5.3.

For the year 1955 the county clerk of De Kalb County extended a rate which included 29.3 cents necessary to pay maturing building bonds and interest totalling $136,418.75. In addition he extended a rate of 23.8 cents for building purposes. Appellant, relying upon the provisions of section 17—7, alleged that the rate of 23.8 cents for building purposes was required to be reduced by the building bond rate of 29.3 cents, subject to the proviso that a rate of 16 cents was nevertheless saved for building purposes, and on

such basis objected to a rate of 7.8 cents, the amount by which the rate of 23.8 cents extended for building purposes exceeded the statutory saved rate of 16 cents. The county court overruled such objection.

In this court, appellee, the county collector, contends that the referendum of March 18, 1954, above-described, was effective to give the district a saved or minimum annual rate of 25 cents for building purposes under the second proviso of section 17—7, and thus asserts that the entire rate of 23.8 cents extended is valid. To this contention appellant has countered that the purpose of the referendum relied upon was not to authorize a "minimum" or saved rate as provided in section 17—7, but was, rather, to establish a "maximum" rate for building purposes within the purview of sections 8—9 and 17—5.3 of the School Code. Thus narrowed, the issue for determination is whether the referendum in question served to bring the district within the proviso of section 17—7 which permits a minimum annual building rate in excess of the saved rate of 16 cents to be authorized by referendum.

The issue is one of first impression. However, arriving at the legislative intention from the plain meaning of the terms employed in section 17—7, it is our opinion that appellant must prevail. With respect to districts maintaining grades 1 to 12, it is clear that a building rate in excess of the saved rate of 16 cents may be extended, if needed, only after a school board has submitted by proper resolution, and the voters of the district have given their approval to, "a proposition to increase the minimum annual tax rate for building purposes to not to exceed  *  *  *  .25 per cent." It is equally clear in this case that such a proposition was never resolved, submitted to, or voted upon by the voters of District No. 428. Rather, they have only voted, under the provisions of section 8—9, to authorize a "maximum" building rate of .25 per cent, and it is the simple direction of section 17—7, without distinguishing between

maximum rates established by referendum or by operation of law, that such maximum rate must be reduced by the amount of the rate extended for bond and interest requirements. This being so, the legislature could not have intended that a referendum establishing a maximum building rate would likewise serve as authority to extend a minimum annual rate in excess of the saved rate of 16 cents. The purport of section 17—7 is, rather, that additional authority is needed where the statutory saved rate is to be exceeded.

If the district in this case had not voted upon a rate for building purposes it would have automatically had authority under section 17—2, (Ill. Rev. Stat. 1953, chap. 122, par. 17—2,) to extend a rate of .1875 per cent for such purpose, and such rate would have become the "maximum lawful tax rate" extendable by operation of section 17—5.3. (Ill. Rev. Stat. 1953, chap. 122, par. 17—5.3.) We held in *People ex rel. Krapf* v. *Hayes,* 13 Ill.2d 143, that the latter section is subordinate to the provisions of section 17—7, thus, even if no referendum has been held the district would have had a saved rate of 16 cents for building purposes. For this reason appellee urges that the district's referendum will be a nullity unless we construe the reducing formula of section 17—7 as having no application where a maximum building rate is established by referendum. We are not at liberty, however, to read such an exception into the statute or to question the legislative wisdom of requiring a further referendum before the saved rate of 16 cents can be exceeded. The fact remains that the voters were not afforded an opportunity to vote on the proposition that the minimum annual rate be increased as section 17—7 requires.

The judgment of the county court of De Kalb County is reversed and the cause is remanded to that court with directions to sustain the objection.

*Reversed and remanded, with directions.*